UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CARL ZEISS MICROSCOPY, LLC,  :
               Plaintiff,  :
v.  :  **OPINION AND ORDER**
     :
VASHAW SCIENTIFIC, INC.,  :  19 CV 3540 (VB)
               Defendant.  :
     :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Carl Zeiss Microscopy, LLC, a New York limited liability company, brings this diversity action against defendant Vashaw Scientific, Inc., a Georgia corporation, for breach of contract, or, in the alternative, for account stated and unjust enrichment.

Before the Court is defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6). (Doc. #25).

For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.[1]

---

[1] In assessing defendant's arguments under Rule 12(b)(1), the Court properly considers evidence outside the pleadings. See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016). In assessing defendant's arguments under Rule 12(b)(6), the Court properly considers only the complaint's factual allegations and exhibits, matters subject to judicial notice, documents integral to the complaint, and documents incorporated into the complaint by reference. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

1

On December 14, 2015, the parties entered into an agreement wherein defendant would conduct business as a "non-exclusive reseller" of plaintiff's microscopy products, services, and related accessories. (Doc. #25-1 ("Vashaw Decl.") ¶ 2). The agreement became effective on January 1, 2016.

Section 16 of the agreement, captioned "Applicable Law/Venue," states "the sole venue for arbitration or actions arising from this Agreement shall be in the courts in Westchester County, New York." (Vashaw Decl. ¶ 4). In subsection 21.03, captioned "Bench Trial," the agreement provides:

> Any dispute, controversy or claim (whether such claim sounds in contract, tort or otherwise) arising out of or relating to this Agreement (or the breach, termination or validity thereof), or arising in any way out of the relationship of the Parties will be settled by a 'bench' trial . . . in the courts of Westchester County, New York.

(Id.).[2]

Plaintiff alleges defendant failed to meet its minimum purchase requirements pursuant to the agreement and also owes plaintiff an outstanding balance on the products it did purchase. According to plaintiff, by 2017, defendant owed approximately $1 million in arrearages. In 2018, after learning defendant would not be able to meet its sales and payment obligations, plaintiff allegedly provided defendant notice of breach.

Defendant now contends the Court should enforce the forum selection clause by dismissing this action so that it may proceed in a New York State court in Westchester County.

---

[2] The Court will refer to these sections collectively as the "forum selection clause."

# DISCUSSION

I. Standard of Review

   A. Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).[3] A cause of action "is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011). The party invoking the Court's jurisdiction bears the burden to establish that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should consider the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

B.  Rule 12(b)(3)

In deciding a Rule 12(b)(3) motion to dismiss for improper venue, the Court must take all allegations in the complaint as true, unless challenged by defendants. McKeown v. Port Auth. of N.Y. & N.J., 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001), aff'd sub nom. McKeown v. Del. Bridge Auth., 23 F. App'x 81 (2d Cir. 2001) (summary order). "When an allegation is so challenged a court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." Id. It is the plaintiff's burden to show venue is proper in the forum district. Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C., 927 F. Supp. 731, 735 (S.D.N.Y. 1996).

C.  Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.     Forum Selection Clause

The parties dispute whether the proper procedural vehicle for analyzing a claim to enforce a forum selection clause is Rule 12(b) or forum non conveniens. Defendant argues the Court should apply Rule 12(b)(1), 12(b)(3), or 12(b)(6), whereas plaintiff argues the doctrine of forum non conveniens controls.

For the reasons discussed below, the Court finds the United States District Court for the Southern District of New York is a proper venue for the instant action.

    A.     Procedural Analysis

Courts in this Circuit have considered forum selection clauses under Rule 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim. New Moon Shipping Co. Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 28 (2d Cir. 1997). In fact, "neither the Supreme Court nor the Second Circuit Court of Appeals has 'specifically designated a single clause of Rule 12(b) as the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause.'" Anwar v. Fairfield Greenwich Ltd., 742 F. Supp. 2d 367, 370–71 (S.D.N.Y. 2010) (citing Asoma Corp. v. SK Shipping Co., 467 F.3d 817, 822 (2d Cir. 2006)).

Recently, the Supreme Court held the "'appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens,' rather than Rule 12(b)." Martinez v. Bloomberg LP, 740 F.3d 211, 216 (2d Cir. 2014) (citing Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 571 U.S. 49, 60–61 (2013)).

5

Under the doctrine of <u>forum non conveniens</u>, "a federal district court may dismiss an action on the ground that a [forum] abroad is the more appropriate and convenient forum for adjudicating the controversy." <u>Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.</u>, 549 U.S. 422, 425 (2007).

Here, the forum selection clause directs the parties to the courts "in Westchester County." (Vashaw Decl. ¶ 4). It does not, however, "point" to a specific state forum. See <u>Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.</u>, 571 U.S. at 60–61. Thus, the doctrine of <u>forum non conveniens</u> does not apply. Accordingly, Rule 12(b) and its corresponding standards control.

B.  <u>Substantive Analysis</u>

Defendant argues the language in the contract confers exclusive jurisdiction on the state courts in Westchester County rather than the federal district court located in Westchester County.

The Court disagrees.

"It is well-settled that parties may bargain in advance to select the forum in which any future dispute will be litigated." <u>Rogen v. Memry Corp.</u>, 886 F. Supp. 393, 395 (S.D.N.Y. 1995) (collecting cases). The Second Circuit has expressed a "strong policy" of enforcing forum selection agreements, <u>Weiss v. Columbia Pictures Television, Inc.</u>, 801 F. Supp. 1276, 1278 (S.D.N.Y. 1992) (citing cases), and will do so "unless it can clearly be shown that enforcement would be unreasonable and unjust, or that the clause is otherwise invalid for such reasons as fraud or overreaching." <u>Bense v. Interstate Battery Sys. of Am., Inc.</u>, 683 F.2d 718, 721–22 (2d Cir. 1982). "[F]orum selection clauses are <u>prima facie</u> valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." <u>Magi XXI, Inc. v. Stato della Citta del Vaticano</u>, 714 F.3d 714, 720–21 (2d Cir. 2013). Indeed, "at the

6

initial stage of litigation, a party seeking to establish jurisdiction need only make a prima facie showing by alleging facts which, if true, would support the court's exercise of jurisdiction." New Moon Shipping Co. v. MAN B & W Diesel AG, 121 F.3d at 29.

> In making such a determination, courts in this Circuit apply a four-step analysis:
>
> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Phillips v. Audio Active Ltd., 494 F.3d 378, 383–84 (2d Cir. 2007).

Here, the first step in the Phillips analysis is satisfied. "A forum selection clause may be deemed reasonably communicated where the clause at issue appears as a standard section in the main body of an agreement signed by plaintiff and is phrased in both clear and unambiguous language." Lahoud v. Document Techs. LLC, 2017 WL 5466704, at *4 (S.D.N.Y. Nov. 14, 2017). Plaintiff delivered the agreement to defendant and the parties "signed the [a]greement in the same form and containing the same language." (Vashaw Decl. ¶ 3). Moreover, plaintiff and defendant are both sophisticated entities; thus, the forum selection clause was reasonably communicated to both parties.

This dispute centers around the second step of the analysis, whether it is mandatory that the case be litigated in a state court in Westchester County, only.

7

For the following reasons, the Court finds that although venue in Westchester County is mandatory, the forum selection clause here does not require all actions be brought exclusively in a state court.

Under the second step in the Phillips analysis, a forum selection clause "is considered mandatory where: (1) it confers exclusive jurisdiction on the designated forum or (2) incorporates obligatory venue language." Glob. Seafood Inc. v. Bantry Bay Mussels Ltd., 659 F.3d 221, 225 (2d Cir. 2011).

Here, the language of the forum selection clause is mandatory. It instructs that all actions arising from the agreement "shall be in the courts in Westchester County." (Vashaw Decl. ¶ 4) (emphasis added). Thus, the outcome of the instant motion turns on whether the language conferring exclusive venue on the courts in Westchester County is sufficient to limit jurisdiction to state court.

Courts in this Circuit have held that forum selection clauses can establish exclusive jurisdiction in state court. See Karl Koch Erecting Co., Inc. v. N.Y. Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1998) (finding lawsuit in federal court expressly forbidden because relevant provision stated "[n]o action or proceeding shall be commenced by [plaintiff] against [defendant] except in the Supreme Court of the State of New York"); Phx. Glob. Ventures, Inc. v. Phx. Hotel Assocs., Ltd., 2004 WL 2360033, at *6 (S.D.N.Y. Oct. 19, 2004) aff'd sub nom. Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd., 422 F.3d 72 (2d Cir. 2005) (finding exclusive state court jurisdiction because clause stated "[a]ny proceeding shall be initiated in the courts of the State of New York").

Accordingly, "[i]f the purpose [of the forum selection clause] was to preclude a federal forum, explicit language to that effect would have foreclosed any issue on the matter." City of

New York v. Pullman Inc., 477 F. Supp. 438, 442 (S.D.N.Y. 1979). In City of New York v. Pullman, the court considered a forum selection clause in which the parties agreed "to submit any controversies or problems arising out of this contract to the New York courts and the New York courts only." Id. The court concluded that because the language in the provision was susceptible to two meanings—both restricting lawsuits to New York state courts and allowing lawsuits in both state and federal courts located in New York—the provision "may be said to be ambiguous." Id. at 443.

Here, the provision does not specify whether the language restricting lawsuits to the courts of Westchester County was intended to encompass only New York State courts in Westchester County. Therefore, the Court refuses to resolve any ambiguity in favor of state court exclusivity. See City of New York v. Pullman Inc., 477 F. Supp. at 442.

Language similar to the instant forum selection clause was considered in Yakin v. Tyler Hill Corp., 566 F.3d 72 (2d Cir. 2009). There, the relevant clause provided "that the venue and place of trial of any dispute that may arise out of this Agreement . . . shall be in Nassau County, New York." Id. at 74. However, because there was no federal court physically located in Nassau County, remand to state court was deemed proper. But the Circuit noted "[h]ad there been a federal court located in Nassau County at the time of this litigation, remand would have been improper." Id. at 76.

Unlike Yakin v. Tyler Hill, here there is a federal court physically located in Westchester County, specifically, White Plains. Because there is no indication in the forum selection clause that the parties agreed to exclusive jurisdiction or venue in a New York State court, the Court will not dismiss for lack of jurisdiction or improper venue. Accordingly, under the second step

9

of the Phillips analysis, the Court finds the forum selection clause selects venue in Westchester County, but such venue is not exclusive to state court.

The third and fourth steps in the Phillips analysis are also satisfied. The "Applicable Law/Venue" provision applies to "actions arising from this Agreement," and the "Bench Trial" provision applies to "[a]ny . . . claim (whether such claim sounds in contract, tort or otherwise) arising out of or relating to this Agreement (or the breach, termination or validity thereof)." (Vashaw Decl. ¶ 4). Given that the instant action arises out of an alleged breach of contract, the parties are subject to the forum selection clause. Moreover, the parties agree that the forum selection clause is enforceable.

Accordingly, the Court finds the forum selection clause does not preclude litigation in federal court.[4]

---

[4] Even if the Court were to analyze the forum selection clause under the forum non conveniens doctrine, the result would be the same. Here, plaintiff's choice of home forum is afforded significant deference, and although there is an available alternative forum in state court and the balance of public and private interests does not weigh heavily in favor of plaintiff, these considerations are insufficient to overcome plaintiff's choice of forum given the absence of language in the forum selection clause expressly pointing to state court jurisdiction or venue.

## CONCLUSION

The motion to dismiss is DENIED.

Defendant shall file an answer to the complaint by January 16, 2020.

The Clerk is instructed to terminate the motion. (Doc. #25).

Dated: January 2, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge